ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Joint Venture WMV Brussels American School | ) ) | ASBCA No. 62736 |
| | ) | |
| Under Contract No. W912GB-17-C-0018 | ) | |

APPEARANCE FOR THE APPELLANT: Seamus Curley, Esq.
　Stroock & Strook & Lavin, LLP
　Washington, DC

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
　Engineer Chief Trial Attorney
　Pietro O. Mistretta, Esq.
　Herbert J. Aldridge, Esq.
　Engineer Trial Attorneys
　U.S. Army Engineer District, Europe

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT

This appeal involves a dispute between the United States Army Corps of Engineers (USACE or the government) and Joint Venture WMV Brussels American School (JV WMV or appellant) concerning Contract No. W912GB-17-C-0018 (the contract). Appellant initially filed the appeal with five counts in its Complaint, although it and the government later jointly moved to dismiss Counts II through V. The Board granted the joint motion.[1] Thus, the only portion of the Complaint remaining in this appeal is Count I.

In Count I of the Complaint, appellant appeals the denial of a contract interpretation claim submitted by JV WMV on July 8, 2020, arguing that USACE embedded design specifications in the contract as opposed to performance specifications as alleged by the government (*see* compl. 7; R4, tab 3).[2] The Complaint sought "a ruling from the ASBCA interpreting the Contract to resolve this interpretation dispute, as the nature of Contract's specifications has broad implications with respect to the parties' respective obligations and liabilities, including ultimate liability for the project's design"

---

[1] Appellant subsequently filed additional appeals with the Board, ASBCA Nos. 63689, 63690, and 63691, pertaining to the same contract. These appeals were settled, and the Board dismissed them with prejudice on October 25, 2024.

[2] Though the contract interpretation claim was signed, it was not purported to be "certified" by JV WMV (*see* R4, tab 3 at 9).

(compl. at 15). In the joint request to dismiss Counts II through V, the parties further addressed Count I, stating, "However, the underlying issue of Count I (i.e., whether the contract contains design specifications or performance specifications) has manifested itself in [requests for equitable adjustments (REAs)] that have been filed, including primarily an REA submitted on 20 April 2021 (the 'Mechanical REA') regarding the mechanical system at the building being erected under the parties' contract." (Joint Partial Motion to Dismiss at 1) JV WMV anticipated submitting the Mechanical REA at the time it filed its complaint with the Board and that this REA would "seek a substantial price adjustment and approximately one additional year in schedule relief" (*see* compl. at 31). Indeed, the Mechanical REA sought more than 5.1 million euros[3] in damages and 910 days of schedule relief (app. resp. at 4). The parties provided further details about the Mechanical REA in their motion, including that appellant had already submitted part of an REA; was in the process of submitting supplemental REAs on the mechanical issue; and that it "intends to convert the referenced REA and its supplements into one [or] more [Contract Disputes Act (CDA)] claims, which Respondent will then respond to with a Contracting Officer's Final Decision, as required by the CDA." (Joint Partial Motion to Dismiss at 2)

The government filed a motion to dismiss the appeal due to a lack of jurisdiction. In it, the government requested two possible forms of relief: 1) dismiss paragraphs 26 through 33 of the Complaint; or 2) dismiss ASBCA No. 62736 (gov't mot. at 1). The government opined that paragraphs 26 through 33 had not yet been presented to the contracting officer for a final decision (*id.* at 2). Regarding dismissing the appeal in full, the government stated that appellant's request for contract interpretation has now been converted to a monetary claim that has not been presented to the contracting officer, and a final decision has not been requested (*id.*). The government argued that Count I now concerns the Mechanical REA and that dismissing the appeal without prejudice would be in everyone's best interest for efficiency and would eliminate two rounds of litigation.

JV WMV responded, contending that paragraphs 26 through 33 were simply factual recitations, not an attempt to recover for the REAs (app. resp. at 6). Although not a model of clarity, we read the remainder of appellant's response as broadly requesting that Count I of the Complaint be permitted to proceed solely as a contract interpretation claim, but that, whatever the Board decided was "appropriate,"[4] it should by no means

---

[3] Although the Euro/Dollar exchange rate fluctuates, we take judicial notice that it is typically around 1:1.

[4] A fair reading of appellant's response is that it had no objection to the Board deciding to take whatever course of action we deemed most practical (*see* app. resp. at 8, "deferring" to the Board's choice on the matter). As tempting as it would be for case management purposes to simply dismiss this appeal while proceeding on later-filed appeals of the newer REAs, we will not do so without a more direct and explicit request from appellant.

dismiss the appeal with prejudice because the determination of whether the specifications were design specifications or performance specifications would be necessary for the upcoming monetary claims (*id*. at 7-9).

## DECISION

We grant the government's motion because in the circumstances here, where a decision will necessarily have significant monetary consequences well greater than the statutory threshold of $100,000, a contractor must submit a certified claim to the contracting officer, which JV WMV has not done.

Though not cited by either party, a case of ours with analogous facts dictates the results here: *Greenland Contractors I/S,* ASBCA Nos. 61113, 61248, 19-1 BCA ¶ 37,259. In *Greenland Contractors*, the contractor appealed the government's interpretation of a contract at a time that it, the contractor, had already incurred costs in performing in accordance with the government's interpretation. Thus, the contractor had been able to submit a monetary claim to the contracting officer but did not do so. *See Greenland Contractors*, 19-1 BCA ¶ 37,259 at 181,330-32. Relying on precedent from the Civilian Board of Contract Appeals[5] and the United States Court of Appeals for the Federal Circuit, we held that the bare contract interpretation appeal should be dismissed (without prejudice) because it was, in reality, a demand for money damages for which a claim had not been submitted by the contractor. *Id*. at 18,331-32 (citing *Securiforce International America, LLC v. United States*, 879 F.3d 1354, 1360 (Fed. Cir. 2018) and *Duke University v. Dept. of Health and Human Services*, CBCA No. 5992, 18-1 BCA ¶ 37,023)

Here, JV WMV did initially submit a contract interpretation claim to the contracting officer. However, at the time that claim was submitted, JV WMV had already begun incurring the costs reflected in the subsequently submitted Mechanical REA and thus, the interpretation claim was, in fact, an uncertified demand for money damages. The CDA requires that a claim valued at over $100,000 be certified with statutorily-prescribed language attesting to its accuracy and that it was made in good faith. 41 U.S.C. § 7103(b). A claim that contains a defective certification may be remedied, but one without any certification at all is not considered a valid claim, and thus an appeal resting upon such a claim must be dismissed for lack of jurisdiction. *Kamaludin Slyman CSC,* ASBCA Nos. 62006, 62007, and 62008, 20-1 BCA ¶ 37,694 at 182,998 (citing multiple cases).

Here, the amount of money in dispute is well over the $100,000 threshold, as demonstrated by the Mechanical REA, and the claim is not certified. Hence, the only

---

[5] CBCA decisions are not binding upon us but may be considered as persuasive authority.

remaining count of the Complaint, which completely relies upon that claim, must be dismissed.  But it is dismissed without prejudice as this is a jurisdictional dismissal.

CONCLUSION

Thus, we grant the government's motion to dismiss.  The appeal is dismissed without prejudice.

Dated:  December 5, 2024

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62736, Appeal of Joint Venture WMV Brussels American School, rendered in conformance with the Board's Charter.

Dated:  December 5, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals